The King *v.* John Jones.

## SUPREME COURT—IN BANCO.

### JANUARY TERM—1872.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

### THE KING *vs.* JOHN JONES.

AN ASSAULT with INTENT TO MURDER and with intent to MAIM, cannot be charged in one count of an INDICTMENT.

If an assault with intent to maim be charged, one of the modes enumerated in the statute must be averred.

#### QUESTION RESERVED.

The defendant was indicted for an assault with a loaded pistol, with "intent to murder, maim and disfigure." The counsel moved in arrest of judgment on the ground that the indictment was defective: 1, in failing to specify any statutory offence, as it neither avers that the assault was made by one, "being armed with a dangerous weapon," nor does it aver any of the modes enumerated in the statute, Section 3, Chapter 9, Comp. Penal Code; and 2, in charging two distinct offences in the words assault with intent to "murder, maim and disfigure." Judgment was pronounced on the verdict, subject to the opinion of this Court in Banco, on the question thus presented.

HARTWELL, J. The statutory provisions affecting this case are as follows, viz.:

Section 3. "Whoever with malicious intent to maim, or disfigure, or mutilate, shall cut out or maim the tongue, put out or destroy an eye, cut or tear off an ear, cut or slit or mutilate the nose or lip, or destroy or disable any limb, member or bodily organ of another, shall be punished by a fine not exceeding one thousand dollars, and imprisonment at hard labor not exceeding ten years."

Section 4.  "Whoever shall assault another with intent to murder, or to maim or disfigure his person in any of the ways mentioned in the preceding section, shall be judged guilty of assault in the first degree, and shall be punished by a fine not exceeding one thousand dollars, and imprisonment not more than five years."

Section 5.  "Whoever, being armed with a dangerous weapon, shall assault another with intent to commit burglary, robbery, manslaughter or murder, or other crime of such character, shall be punished by a fine not exceeding one thousand dollars, and imprisonment at hard labor not more than ten years."

If an indictment be founded on an assault being armed with a dangerous weapon, these words should be set forth, for the Court can not infer that the instrument alleged to be used in the assault is a dangerous weapon with which the defendant was armed.   A loaded pistol may or may not be a dangerous weapon according as it is loaded with ball or blank cartridge.   An assault with a stick may be an assault with a dangerous weapon, but if so intended should be averred, in order that the record may show the precise nature of the offence.

It would be sufficient to allege an assault with intent to murder, for this makes the statutory offence complete, but it is not sufficient to allege an assault with intent to maim and disfigure unless some of the modes enumerated in the statute be also averred, for otherwise the record does not show the statutory offence.   The words in the third section cited are not merely illustrative of a common law offence, but are descriptive, and therefore essential to be averred as constituents of the statutory offence.

As two distinct acts are characterized as an offence in the fourth section, viz. : an assault with intent to murder, and an assault with intent to maim, &c., each being in itself a complete offence, they ought not to be joined in the same count

of an indictment. We think this is no more than is required by the rules of criminal pleading, and that a departure from these rules can not be allowed consistently with the constitutional right of defendants to be tried only on "a good and sufficient indictment, fully and plainly describing the offence."

The judgment against the defendant is therefore reversed, the verdict set aside, and he may take judgment.

Attorney General S. H. Phillips, for the Crown.

W. C. Jones for the defendant.

Honolulu, February 21st, 1872.